IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ELLEN D.,[1]

        Plaintiff,

v.

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION,

        Defendant.

No. 2:22-cv-00251-HZ

OPINION & ORDER

Kevin Kerr
Kerr Robichaux & Carroll
PO Box 14490
Portland, OR 97293

    Attorney for Plaintiff

Renata Gowie
Assistant United States Attorney
District of Oregon
1000 SW Third Avenue, Suite 600
Portland, OR 97204

---

[1] In the interest of privacy, this Opinion uses only the first name and the initial of the last name of the non-governmental party or parties in this case.

1 – OPINION & ORDER

Asim H. Modi
Social Security Administration
Office of the General Counsel
6401 Security Boulevard
Baltimore, MD 21235

    Attorneys for Defendant

HERNÁNDEZ, District Judge:

Plaintiff Ellen D. brings this action seeking judicial review of the Commissioner's final decision to deny disability insurance benefits ("DIB") and disability widow's benefits under Title II of the Social Security Act. This Court has jurisdiction pursuant to 42 U.S.C. § 405(g). The Court affirms the Commissioner's decision.

## PROCEDURAL BACKGROUND

Plaintiff applied for DIB and disability widow's benefits on May 22, 2017, alleging a disability onset date of June 1, 2016. Tr. 352-58.[2] Plaintiff has sufficient quarters of coverage to remain insured through December 31, 2024. Tr. 14. Her application was denied initially and on reconsideration. Tr. 145, 150, 157, 160.

On August 15, 2019, Plaintiff appeared with counsel for a video hearing before an Administrative Law Judge ("ALJ"). Tr. 54-68. On August 30, 2019, the ALJ found Plaintiff not disabled. Tr. 130. Plaintiff requested review from the Appeal Council who remanded the claim for further proceedings on July 16, 2020. Tr. 138-42. Plaintiff appeared for a supplemental hearing before the ALJ by telephone on December 30, 2020. Tr. 32-53. On January 28, 2021, the ALJ again found Plaintiff not disabled. Tr. 23. The Appeals Council denied review of that

---

[2] Citations to "Tr." refer to the page(s) indicated in the official transcript of the administrative record, filed herein as Docket No. [10-1].

decision. Tr. 1. Thus, the ALJ's January 28, 2021 decision is the final decision of the Commissioner.

## FACTUAL BACKGROUND

Plaintiff alleges disability based on fibromyalgia, gastroparesis, familial Mediterranean fever, glaucoma, cataracts, and pre-diabetes. Tr. 405. At the time of her alleged onset date, she was fifty-three years old. Tr. 400. She has a GED and past relevant work experience as a cashier-checker. Tr. 22, 406.

## SEQUENTIAL DISABILITY EVALUATION

A claimant is disabled if they are unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Disability claims are evaluated according to a five-step procedure. *See Valentine v. Comm'r*, 574 F.3d 685, 689 (9th Cir. 2009) (in social security cases, agency uses five-step procedure to determine disability). The claimant bears the ultimate burden of proving disability. *Id.*

In the first step, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520(b), 416.920(b). In step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140–41; 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled. *Id.*

In step three, the Commissioner determines whether the claimant's impairments, singly or in combination, meet or equal "one of a number of listed impairments that the [Commissioner]

acknowledges are so severe as to preclude substantial gainful activity." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. *Yuckert*, 482 U.S. at 141.

In step four, the Commissioner determines whether the claimant, despite any impairment(s), has the residual functional capacity (RFC) to perform their "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can perform past relevant work, the claimant is not disabled. If the claimant cannot perform past relevant work, the burden shifts to the Commissioner. In step five, the Commissioner must establish that the claimant can perform other work. *Yuckert*, 482 U.S. at 141–42; 20 C.F.R. §§ 404.1520(e)–(f), 416.920(e)–(f). If the Commissioner meets their burden and proves that the claimant can perform other work that exists in the national economy, then the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

At step one, the ALJ determined that Plaintiff had engaged in substantial gainful activity from her alleged onset date of July 1, 2016 through September 30, 2019. Tr. 16. But the ALJ found that after September 30, 2019, there was a continuous 12-month period during which Plaintiff did not engage in substantial gainful activity. Next, at steps two and three, the ALJ determined that Plaintiff has the following severe impairments: "recurrent abdominal pain, status-post gastric bypass; Barrett's esophagus; right shoulder impingement syndrome; and rotator cuff tendinitis; psoriatic arthritis." Tr. 18. However, the ALJ determined that Plaintiff's impairments did not meet or medically equal the severity of a listed impairment. Tr. 18. At step four, the ALJ concluded that Plaintiff has the residual functional capacity to perform light work as defined in 20 C.F.R. § 404.1567(b) with the following limitations: "postural activities can be

performed frequently with the exception of occasional crawling and climbing of ladders, ropes and scaffolds; above the shoulder reaching is limited to occasional." Tr. 19. Despite these limitations, the ALJ concluded that Plaintiff could perform her past relevant work as a cashier-checker. Tr. 22. Thus, the ALJ concluded that Plaintiff is not disabled. Tr. 23.

## STANDARD OF REVIEW

A court may set aside the Commissioner's denial of benefits only when the Commissioner's findings "are based on legal error or are not supported by substantial evidence in the record as a whole." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted). The court considers the record as a whole, including both the evidence that supports and detracts from the Commissioner's decision. *Id.*; *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). "Where the evidence is susceptible to more than one rational interpretation, the ALJ's decision must be affirmed." *Vasquez*, 572 F.3d at 591 (internal quotation marks and brackets omitted); *see also Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) ("Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's") (internal quotation marks omitted).

## DISCUSSION

Plaintiff objects to the ALJ's decision on two grounds: (1) the ALJ's finding at step one that Plaintiff had engaged in substantial gainful activity is not supported by substantial evidence and (2) the ALJ improperly rejected a medical source opinion and therefore did not include all of Plaintiff's limitations in the RFC.

I.      **Substantial Gainful Activity**

At step one, if the ALJ finds that the claimant has engaged in substantial gainful activity ("SGA"), the claimant is not disabled and the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(i), 404.1520(b). SGA "is work activity that involves doing physical and mental activities" that "is the kind of work usually done for pay or profit." 20 C.F.R. §§ 404.1572(a); 404.1572(b). In determining whether a claimant's work activity is substantial, the ALJ considers the claimant's earnings from that activity. 20 C.F.R. § 404.1574. The regulations provide a mechanism to calculate threshold monthly earnings, above which such earnings are considered evidence that the claimant engaged in SGA.

The ALJ found that Plaintiff had engaged in SGA during certain quarters: July through September 2016, July through September 2017, July through September 2018, and July through September 2019. Tr. 16. In making that determination, the ALJ took Plaintiff's quarterly earnings and divided those earnings by three to calculate an average monthly earning amount within each quarter. For each of the quarters in which the ALJ found Plaintiff had engaged in SGA, her average monthly earnings within that quarter exceeded the designated threshold amount. Thus, the ALJ determined that Plaintiff did not have a twelve-month continuous period of no SGA from her alleged disability onset date through September 2019. But because after September 2019, Plaintiff did not engage in SGA for a continuous twelve-month period, the ALJ proceeded with the remaining steps in the disability analysis.

Plaintiff contends, and the Commissioner concedes, that the ALJ erred by using a flawed method to calculate Plaintiff's monthly earnings. The regulations require earnings to be averaged over the entire period that the claimant has engaged in the same work. *See* 20 C.F.R. § 404.1574a(a) ("If your work . . . was continuous without significant change in work patterns or

6 – OPINION & ORDER

earnings, . . . we will average your earnings over the entire period of work requiring evaluation to determine if you have done substantial gainful activity."). If the SGA thresholds change during the period of continuous work, the regulations require the Commissioner to "average [the claimant's] earnings separately for each period in which a different [SGA] earnings level applies." 20 C.F.R. § 404.1574a(b). During the relevant period, the SGA threshold amounts changed annually: $1,130 per month in 2016; $1,170 per month in 2017; $1,180 per month in 2018; and $1,220 per month in 2019.[3] As Plaintiff notes, and the Commissioner does not dispute, the ALJ should have averaged Plaintiff's monthly earnings over each calendar year. When averaged annually, Plaintiff's monthly earnings exceeded the SGA threshold in 2016, but not in the following years.[4] Thus, as the Commissioner acknowledges, Plaintiff did not engage in SGA from the beginning of 2017 forward.

      However, the Commissioner argues that the error was harmless because the ALJ proceeded with the remaining steps in the disability analysis, and at step four, the ALJ found Plaintiff not disabled during the entire disability period. Plaintiff claims that the error was harmful because "the balance of the ALJ's evaluation addresses only the period after September 2019." Pl. Opening Brief 6, ECF 14. But the ALJ's opinion discusses in detail Plaintiff's symptoms and medical findings throughout the entire disability period. *See* Tr. 20-21. For example, the ALJ describes Plaintiff's symptoms, physical examination findings, and imaging studies dating back to 2015. The ALJ considers and incorporates into the RFC, an opinion statement from Plaintiff's primary care provider dated July 29, 2019. Accordingly, despite

---

[3] Substantial Gainful Activity, Social Security Administration, https://www.ssa.gov/oact/cola/sga.html.
[4] Plaintiff's average monthly earnings were $988 in 2017, $1106 in 2018, and $1025.50 in 2019. Pl. Brief 6; Tr. 16.

7 – OPINION & ORDER

Plaintiff's contention, the ALJ's evaluation beyond step one covers the entire disability period. Thus, the ALJ's error at step one is harmful only if the ALJ also erred in making a non-disability determination during subsequent steps in the evaluation.

## II.     Medical Opinion Evidence

Plaintiff next argues that the ALJ erred by not according full weight to the opinion of her treating physician, Dr. Kilbourn. In a July 2019 medical report, Dr. Kilbourn noted that Plaintiff has "psoriatic arthritis/rotator cuff impingement syndrome primarily of the right shoulder." Tr. 21; Tr. 1682. The ALJ summarized Dr. Kilbourn's opinion as follows:

> [Plaintiff] is able to lift/carry 20 pounds occasionally and 20 pounds frequently; stand/walk two hours at a time for a total of more than eight hours in an eight-hour workday; sit eight hours at a time for a total of more than eight hours in an eight-hour workday; occasionally climb; and occasional reach (overhead and shoulder height).

Tr. 21; Tr. 1683. The ALJ found this opinion to be only partially persuasive, but she "assigned an RFC consistent with Dr. Kilbourn's opinion in order to provide the claimant with every possible benefit." Tr. 22.

However, while the RFC limited Plaintiff's above the shoulder reach to occasional, it contained no limit on her reach at shoulder height. Tr. 19. And in the hypothetical the ALJ posed to the vocational expert ("VE"), the ALJ included a reach limitation only for "above the shoulder reaching." Tr. 49. Based on that hypothetical, the VE opined that Plaintiff could do her past relevant work as a cashier-checker. Tr. 49. The VE stated that although the cashier-checker job requires "constant reaching," that reaching would not be "more than occasional *over* the shoulder because mostly everything is at waist high or counter level." Tr. 49 (emphasis added). In her decision, the ALJ states that the VE testified that "the cashier checker job requires no more than occasional reaching *at or above the shoulder*." Tr. 23 (emphasis added).

Plaintiff objects to the ALJ's rejection of Dr. Kilbourn's opinion to the extent that she failed to include an "at shoulder" reach restriction in the RFC and the hypothetical posed to the VE. The Commissioner argues that, to the extent that the ALJ erred, such error was harmless because in regard to a cashier-checker job, there is no meaningful distinction between reaching at shoulder height and reaching above the shoulder. The Commissioner relies on the VE's statement that for a cashier-checker, mostly all reaching is at waist high or counter level. Thus, according to the Commissioner, whether an at shoulder reach restriction was specifically included in the RFC and the hypothetical is irrelevant.

The Court agrees with the Commissioner's position. First, although the ALJ found Dr. Kilbourn's opinion to be only partially persuasive, the ALJ included Dr. Kilbourn's restrictions for Plaintiff in the RFC. Thus, the ALJ did not reject Dr. Kilbourn's opinion. Although the RFC and the hypothetical posed to the VE did not explicitly include an at shoulder reach restriction, the ALJ appears to assume that "above the shoulder" includes at shoulder reaching. *See* Tr. 23.

Second, the ALJ's error in not specifically expressing an at shoulder reach restriction in the hypothetical is harmless. "Hypothetical questions posed to the vocational expert must set out *all* the limitations and restrictions of the particular claimant[.]" *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *see Matthews v. Shalala*, 10 F.3d 678, 681 (9th Cir. 1993) (internal quotation and citation omitted) ("If a vocational expert's hypothetical does not reflect all the claimant's limitations, then the expert's testimony has no evidentiary value[.]"). But even if there is "room for more detail," a hypothetical is sufficient if it is accurate as a whole. *Temple v. Callahan*, 114 F.3d 1195, 1997 WL 289457, at *1 (9th Cir. May 29, 1997). As another district court in this circuit has noted, "[i]n cases in which additional detail could have been included in the hypothetical question, the question is acceptable so long as it properly identifies the

9 – OPINION & ORDER

claimant's impairments and provides sufficient detail to permit a vocational expert to understand the claimant's limitations." *Vasquez v. Astrue*, No. 1:09-cv-01894-SMS, 2011 WL 1363777, at *7 (E.D. Cal. Apr. 11, 2011).

Here, based on the VE testimony, Plaintiff's at shoulder reach limitation would not preclude her from performing her past relevant work as a cashier-checker. The VE acknowledged that the cashier-checker job involves "constant reaching." Tr. 49; *see* DOT 211.462-014, 1991 WL 671841. But in follow-up, the VE stated that as to the reaching requirement for the cashier-checker job, "mostly everything is at a waist high or counter level." Tr. 49. Such a statement is not inconsistent with a finding that reaching at the shoulder level, as with reaching above the shoulder, would be no more than occasional. Thus, the VE's testimony that Plaintiff could perform her past relevant work as a cashier-checker is consistent with Plaintiff's at shoulder reach limitations.

Plaintiff asserts that "common sense would indicate that there would be at least some shoulder-height reaching involved in most cashiering work." Pl. Reply Brief 4, ECF 17. But even if Plaintiff is correct, Dr. Kilbourn's opinion does not exclude *all* shoulder-height reaching. According to Dr. Kilbourn, Plaintiff is limited to *occasional* reach at or above the shoulder. There is no apparent conflict between the hypothetical posed to the VE and Dr. Kilbourn's opinion. Any error in omitting specific reference to Plaintiff's limitation on at shoulder reaching from the RFC and the hypothetical is harmless. Accordingly, the ALJ's finding that Plaintiff is not disabled is supported by substantial evidence in the record.

///

///

///

## CONCLUSION

Based on the foregoing, the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

DATED:     February 7, 2023     .

                              _____
                              MARCO A. HERNÁNDEZ
                              United States District Judge

11 – OPINION & ORDER